

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-2004

# Xiao v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3905

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Xiao v. Atty Gen USA" (2004). *2004 Decisions.* Paper 222.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/222

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 03-3905
_____

ZHONG HUI XIAO,

                                                          Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES,

                                                          Respondent

_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A77 281 330)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 8, 2004

BEFORE: SLOVITER, VAN ANTWERPEN and COWEN, Circuit Judges

(Filed: October 18, 2004)
_____

OPINION
_____

VAN ANTWERPEN, Circuit Judge

Zhong Hui Xiao ("Petitioner") seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ denied Petitioner's application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), finding Petitioner did not meet the statutory requirements of the INA and that his story was not credible. The IJ also denied Petitioner's application for withholding of removal under the Convention Against Torture ("CAT"), finding Petitioner failed to demonstrate that it is more likely than not that he would be tortured upon his return to China. For the reasons set forth below, we deny the petition.

## I. FACTUAL AND PROCEDURAL HISTORY

Since we write only for the parties we need not restate the facts in detail. Petitioner is a native citizen of the People's Republic of China ("China"). Petitioner testified that as a commercial fisherman in China, he owned a boat along with four other fisherman and paid a monthly tax of 3,000 RBM in connection with his occupation. On May 18, 1999, after an extraordinarily large catch, Petitioner was approached by three tax officials who demanded that he pay an additional 3,000 RBM. Petitioner testified that when he refused to pay the additional money, he was struck by the officials, who then took his day's catch, which was worth approximately 6,000 RBM. Petitioner stated that after this incident the tax officials did not permit him to return to work. On July 7, 1999 Petitioner fled the country.

2

On October 5, 1999, Petitioner arrived in the port of Los Angeles as a stowaway. An asylum officer of the Immigration and Naturalization Service ("INS") interviewed Petitioner, determined that he had a credible fear of returning to China, and referred him to an IJ for a full hearing on his asylum claim. On August 15, 2001, the IJ rejected his request. On August 29, 2003 the BIA affirmed the IJ's decision and the Petitioner timely filed a petition for review. This Court has jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a)(1).

## II. STANDARD OF REVIEW

Although review of a final order of removal generally leads us to review the decision of the BIA, when the BIA merely adopts the IJ's opinion, we will review the IJ's decision. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002).

Our scope of review is narrow. We review findings of fact under the substantial evidence standard. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). Under this standard, we are bound by the administrative findings of fact unless those findings would compel a reasonable adjudicator to arrive at a contrary conclusion. See 8 U.S.C. § 1252(b)(4)(B). Because Congress delegated substantial authority under the INA to the Attorney General, who then vested his authority in the BIA, the BIA's reasonable statutory interpretations are afforded deference under Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). Abdulrahman v. Ashcroft, 330 F.3d 587, 591 (3d Cir. 2003).

3

III. DISCUSSION

1. Eligibility for Asylum and Withholding of Removal under the INA

To be eligible for asylum, Petitioner has the burden of establishing that he meets the statutory requirements of refugee status. Abdille, 242 F.3d at 482. A refugee is one who is outside his or her country of nationality and will not or cannot return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. 1101(a)(42)(A). Withholding of removal has a similar statutory prerequisite that makes it available only "if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. 1231(b)(3)(A).

To be eligible for asylum or withholding of removal under the INA, Petitioner must show that the threats he faces arise because of one of the statutorily-protected grounds. See Gao, 299 F.3d at 272 (citing Navas v. INS, 217 F.3d 646, 655 (9th Cir. 2000)). Although the respondent need not provide direct proof, he must provide some evidence of those motives. INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992).

Petitioner argues that he met the statutory prerequisites because he was assaulted by government officials due to his expression of a political opinion about the increased taxation of his larger catch and his affiliation with a social group, namely fishermen.

4

However, the IJ found that the acts of which Petitioner complained only amounted to either extortion by corrupt officials or a legitimate attempt to tax Petitioner's abnormally large catch of fish, and not persecution because of Petitioner's political opinion or affiliation with a social group. We may not disturb the IJ's findings in this regard because Petitioner has not produced evidence that would compel a different conclusion. 8 U.S.C. § 1252(b)(4)(B). Based on the IJ's findings, Petitioner failed to meet the statutory prerequisites for asylum and withholding of removal under the INA. Therefore, we need not reach the IJ's determination of credibility.

2. Eligibility for Withholding of Removal under the Convention Against Torture

The Petitioner further claims that the IJ erred in denying him relief under the CAT. In order to succeed on an application to withhold removal under the CAT, an applicant must demonstrate that "it is more likely than not" that he will be tortured if removed to the proposed country. 8 C.F.R. § 208.16(c)(2). The IJ found that the evidence presented by Petitioner was insufficient to establish a likelihood that he would be tortured. This Court must sustain the decision of the IJ if the record provides substantial evidence to support the IJ's findings. Gao, 299 F.3d at 272. Given the record before us, neither Petitioner's claims relating to his experience as a fisherman nor his claim that he will be tortured for violating China's immigration laws compel us to overturn the IJ's decision.

For the foregoing reasons we reject the petition.